IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


VIKTOR KALINKIN,                                09-CV-1058-BR

      Plaintiff,

                              OPINION AND ORDER

v.

SGT. ROBINSON, JOHN DOE
OFFICERS 1-4, and DR. O.
ERRSON,

      Defendants.


**MICHELLE R. BURROWS**
618 N.W. Glisan
Suite 203
Portland, OR 97209
(503) 241-1955

      Attorney for Plaintiff

**HENRY H. LAZENBY, JR.**
Multnomah County Counsel
**STEPHEN LEWIS MADKOUR**
Assistant County Counsel
501 S.E. Hawthorne
Suite 500
Portland, OR 97214
(503) 988-3138

      Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#14) for Summary Judgment.  For the reasons that follow, the Court **GRANTS** Defendants' Motion.

<u>BACKGROUND</u>

The following facts come from Defendants' summary-judgment filings:

On May 31, 2007, Plaintiff Viktor Kalinkin was booked into the Multnomah County Detention Center (MCDC.  At all relevant times Plaintiff was a pretrial, post-arraignment detainee.

On September 5, 2007, Shift Sergeant Andre Scott[1] received a call at 10:30 p.m. in which he was informed that Plaintiff had made several telephone calls to his wife, Enna Kalinkin, in violation of a restraining order.  Sergeant Scott spoke with Enna Kalinkin, and she told him that Plaintiff had called her at home four times in violation of a restraining order and that she wanted Plaintiff to stop calling her.  Sergeant Scott told her that he would speak to Plaintiff.

At 10:40 p.m. Sergeant Scott "entered 6A" and found Plaintiff talking on the telephone.  Sergeant Scott told Plaintiff to get off the telephone and asked Plaintiff if he had telephoned his wife.  Plaintiff denied telephoning his wife and

_____

[1] Sergeant Scott is not named as a defendant.

said "Fuck you, you fuck!"  At that point Sergeant Scott ordered Plaintiff to go to the sally port and handcuffed Plaintiff.

As Sergeant Scott and Plaintiff were leaving the sally port, Plaintiff began resisting forward progress by "leaning his body weight" into Sergeant Scott.  He told Plaintiff to proceed to the elevators and to face the wall.  Plaintiff did not face the wall as directed and continued to move when Sergeant Scott told him to hold still.  To control Plaintiff's movement, Sergeant Scott grabbed the back of Plaintiff's shirt, gripped Plaintiff's right hand, and repeated his order to Plaintiff not to move.  Plaintiff then attempted to turn away from the wall towards Sergeant Scott. Sergeant Scott pushed Plaintiff back against the wall to maintain control of Plaintiff and again told Plaintiff not to move. Plaintiff again attempted to turn towards Sergeant Scott.  As Sergeant Scott tried to gain control of Plaintiff, Plaintiff attempted to "mule kick" Sergeant Scott with his right leg.  As a result, Sergeant Scott believed Plaintiff presented a threat to him and to the safety and security of the facility, and, therefore, he secured Plaintiff by bringing him to the floor in front of the elevators with a "downward circular motion."  At that time the elevator doors opened and Deputy R. Wallace stepped out of the elevator and assisted Sergeant Scott in taking Plaintiff to the fourth floor.

On September 4, 2009, Plaintiff filed an action in this

3 - OPINION AND ORDER

Court pursuant to 42 U.S.C. § 1983 against Sergeant Robinson, John Doe Officers 1-4, and Dr. O. Ersson in which he brings claims against Sergeant Robinson and John Doe Officers 1-4 for violation of his right to substantive due process under the Fourteenth Amendment to the United States Constitution, claims against Sergeant Robinson and John Doe Officers 1-4 for unreasonable use of force in violation of his rights under the Fourth and Eighth Amendments to the United States Constitution, and claims against Dr. O. Ersson for failure to provide adequate medical care in violation of his rights under the Fourteenth and Eighth amendments to the United States Constitution.

On July 23, 2010, Defendants moved for summary judgment as to all of Plaintiff's claims.

## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

4 - OPINION AND ORDER

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.* "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of

the claim, the court may grant summary judgment.  *Id.*

## DEFENDANTS' REQUEST TO STRIKE
## PLAINTIFF'S DECLARATIONS

Plaintiff filed two Declarations in support of his Response to Defendants' Motion for Summary Judgment.  In their Reply, Defendants request to strike Plaintiff's Declarations on the ground that they are legally deficient.

Federal Rule of Civil Procedure 56(e)(2) requires parties opposing summary judgment to submit affidavits or other evidence permitted by Rule 56 to support their opposition.  The Ninth Circuit has held:  "In ruling on a motion for summary judgment, a court may substitute an unsworn declaration for a sworn affidavit if the declaration complies with 28 U.S.C. § 1746.  But such documents must be based on 'personal knowledge' and must be 'subscribed by' the declarant."  *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003)(quoting Fed. R. Civ. P. 56(e) and 28 U.S.C. § 1746).  28 U.S.C. § 1746 provides in pertinent part:

> Wherever, . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration . . . or affidavit . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> * * *
>
> (2) If executed within the United States, its

territories, possessions, or commonwealths:  "I
declare (or certify, verify, or state) under
penalty of perjury that the foregoing is true and
correct.  Executed on (date).
(Signature)".

Here Plaintiff's Declarations are unsworn and do not contain

the required language that Plaintiff subscribes to the testimony

therein under penalty of perjury.  Accordingly, the Court

concludes the Declarations are not competent summary-judgment

evidence.  *See Ritchie*, 342 F.3d at 909.  *See also Chao v.

Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1052 (D. Or.

2010)(certain of the defendants' declarations "are not given

under penalty of perjury" and, therefore, "they are not made in

accordance with 28 U.S.C. § 1746, they do not satisfy the

requirements of FRCP 56(e) and [they] are not admissible as

evidence.");  *Little v. BP Exploration & Oil Co.*, 265 F.3d 357,

363 n.3 (6th Cir. 2001)(the district court properly disregarded a

witness statement that was unsworn and not given under penalty of

perjury);  *Okoye v. Univ. of Tx Houston Health Sci. Ctr.*, 245 F.3d

507, 515 (5th Cir. 2001) (unsworn statements are not competent

summary-judgment evidence);  *Steinle v. Warren*, 765 F.2d 95, 100

(7th Cir. 1985)(unsigned and unsworn transcript of interview

ineffective to defeat summary judgment);  Wright, Miller & Kane,

*Federal Practice and Procedure*: Civ 3d § 2738 at 363 ("unsworn

affidavits will be rejected" as insufficient to oppose summary

judgment).

The Court, therefore, grants Defendants' request to strike the Declarations of Viktor Kalinkin.


<u>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**</u>

Defendants move for summary judgment as to all of Plaintiff's claims.  In Plaintiff's Response to Defendants' Motion, Plaintiff concedes Defendants' Motion as to Plaintiff's claims against Dr. Ersson and Sergeant Robinson and moves to substitute Sergeant Scott for the John Doe Officers in Plaintiff's claim for excessive force in violation of his rights under the Fourteenth, Fourth, and/or Eighth Amendment.  Thus, Plaintiff requests this matter proceed only against Sergeant Scott and only as to Plaintiff's claim for excessive force. Accordingly, the Court dismisses Plaintiff's claims against Defendants Dr. Errson, Sergeant Robinson, and John Doe Officers.

Defendants, however, object to allowing Plaintiff to amend his Complaint by substituting Sergeant Scott.  Even if the Court allows Plaintiff to substitute Sergeant Scott, however, Defendants assert they are entitled to summary judgment on Plaintiff's claim.

**I.   Plaintiff's request to substitute Sergeant Scott**

As noted, in his Response Plaintiff seeks to amend his Complaint by substituting Sergeant Scott, who is not named as a defendant, for the John Doe Defendants as to Plaintiff's

8 - OPINION AND ORDER

excessive-force claim.  Defendants object to this request on the grounds that Plaintiff did not identify any of John Doe Defendants prior to filing his Response despite having ample opportunity to do so and Plaintiff has not established that his claims against Sergeant Scott, who, as noted, is not a named defendant, relate back to Plaintiff's Complaint as required by Federal Rule of Civil Procedure 15(c).

### A.   Standards

Federal Rule of Civil Procedure 15(a) provides a party may amend a pleading only by leave of court after a responsive pleading has been filed unless the opposing party consents to the amendment.  Rule 15(a), however, also provides leave to amend "shall be freely given when justice so requires."  "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The Supreme Court has recognized several factors that a district court should consider when determining whether justice requires the court to grant leave to amend including, among others, "futility of the amendment." *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### B.   Analysis

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). *See also Wakefield v. Thompson*, 177 F.3d

1160, 1163 (9th Cir. 1999)(same).  The Ninth Circuit has made
clear that when "the identity of alleged defendants will not be
known prior to the filing of a complaint . . ., the plaintiff
should be given an opportunity through discovery to identify the
unknown defendants." *Gillespie*, 629 F.2d at 642.  Here, however,
Plaintiff was given sufficient opportunity through discovery to
identify the unknown defendants.  Plaintiff's Complaint was filed
nearly a year before Defendants filed their Motion for Summary
Judgment, the Court provided the parties with two extensions of
time to complete discovery, and Plaintiff did not indicate at any
time that Defendants were not forthcoming with discovery
materials.  Further, in its December 21, 2009, Case Management
Order, the Court set March 31, 2010, as the deadline to complete
any amendments to the pleadings.  Plaintiff, however, did not
seek to amend his Complaint to substitute Sergeant Scott for the
Doe Defendants before that deadline.  In addition, attached to
the Declaration of Sergeant Robinson is the Information Report
describing the incident in question dated September 5, 2007, and
clearly signed by Sergeant Scott.  Accordingly, it seems unlikely
that Plaintiff could not have identified Sergeant Scott or
discovered the identity of other Doe Officer(s) who participated
in the actions that Plaintiff alleges constituted a violation of
his constitutional rights before filing his Response to
Defendants' Motion for Summary Judgment.  Plaintiff, therefore,

10 - OPINION AND ORDER

has not shown good cause for failing to substitute Sergeant Scott and to serve him properly long before this late stage of the case.

In short, to the extent that Plaintiff now seeks leave to amend his Complaint to substitute Sergeant Scott, the Court finds Plaintiff has unduly delayed in seeking such an amendment; has not shown good cause for the delay; and, in fact, did not properly move the Court to amend his Complaint in a timely fashion. *See Johnson v. Mammoth Rec., Inc.,* 975 F.2d 604, 608 (9th Cir. 1992)(a party seeking to amend a pleading after a scheduling order has been entered pursuant to Federal Rule of Civil Procedure 16(b) must first show "good cause" for amending the scheduling order before the court considers whether the amendment satisfies the requirements of Rule 15(a)). Accordingly, the Court denies Plaintiff's request to substitute Sergeant Scott for the John Doe Defendants as to Plaintiff's excessive-force claim. *See U-Haul Intern., Inc. v. Lumbermens Mut. Cas. Co.*, 348 Fed. Appx. 208, 210 (9th Cir. 2009)(Court had broad discretion to deny the defendant's motion to amend its answer and counterclaims when the defendant filed its motion ten months after the court's deadline for amending pleadings had passed)(citing *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the

agreed-upon course of the litigation, and reward the indolent and the cavalier.")).

## II. Plaintiff's proposed excessive-force claim against Sergeant Scott is futile.

Plaintiff seeks to bring a § 1983 claim against Sergeant Scott alleging he violated Plaintiff's right to be free from excessive force when he brought Plaintiff to the floor during the September 5, 2007, incident.

As noted, Defendants contend even if the Court allowed Plaintiff to substitute Sergeant Scott for the John Doe Defendants and to bring his claims against Sergeant Scott for violation of Plaintiff's rights under the Fourteenth, Fourth, and/or Eighth Amendments, Sergeant Scott would be entitled to summary judgment as to those claims because Plaintiff has not established a genuine issue of material fact exists or that Sergeant Scott violated Plaintiff's rights as a matter of law.

### A. Section 1983

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish a claim under § 1983, a plaintiff must

initially allege "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a constitutional right." *L.W. v. Grubbs (Grubbs I),* 974 F.2d 119, 120 (9th Cir. 1992). State officials or municipalities are liable for deprivations of life, liberty, or property that rise to the level of a "constitutional tort" under the Due Process Clause of the Fourteenth Amendment. *Johnson v. City of Seattle*, 474 F.3d 634, 638 (9th Cir. 2007). The Fourteenth Amendment does not require the state to protect individuals against the deprivations of life, liberty, or property by private actors. *Id.* at 195.

### B.   Analysis

#### 1.   Appropriate standard

In *Graham v. Connor*, the Supreme Court noted "[i]t is clear . . . that the Due Process Clause protects a pretrial detainee from the use of excessive force [and] . . . [a]fter conviction, the Eighth Amendment 'serves as the primary source of substantive protection.'" 490 U.S. 386, 395 n.10 (1989). In *Gibson v. County of Washoe*, the Ninth Circuit acknowledged the Supreme Court's language in *Graham* that "[t]he Due Process clause protects pretrial detainees from the use of excessive force that amounts to punishment" and explained:

> Although the Supreme Court has not expressly decided whether the Fourth Amendment's prohibition on unreasonable searches and seizures continues to

13 - OPINION AND ORDER

protect individuals during pretrial detention, *id.*, we have determined that the Fourth Amendment sets the "applicable constitutional limitations" for considering claims of excessive force during pretrial detention. *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996), *cert. denied*, 519 U.S. 1006 (1996). *Graham* therefore explicates the standards applicable to a pretrial detention excessive force claim in this circuit.

290 F.3d 1175, 1182-83 (9th Cir. 2002). The court then applied the Fourth Amendment standard set out in *Graham* to the plaintiff's claim that he was subjected to excessive force while being detained post-arrest but apparently before he was arraigned. *Id.* In *Lolli v. County of Orange*, the Ninth Circuit again noted "'the Fourth Amendment sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention.'" 351 F.3d 410, 412 (9th Cir. 2003)(quoting *Gibson*, 290 F.3d at 1197)). In that case, the plaintiff alleged excessive force while he was in pretrial detention. Although it is not entirely clear, the facts of *Lolli* suggest the plaintiff in that case was in post-arrest, pre-arraignment custody at the time of the alleged excessive force. Although the court did not reference *Graham,* the court "evaluate[d] [the plaintiff's] claim under [the Fourth] [A]mendment's objective reasonableness standard." *Id.* (citing *Pierce*, 76 F.3d at 1043)). *See also Craver v. Allbee*, 324 F. App'x 597, 597 (9th Cir. 2009)("The district court properly provided a Fourth Amendment jury instruction because 'the Fourth

14 - OPINION AND ORDER

Amendment sets the applicable constitutional limitations for
considering claims of excessive force during pretrial
detention.'" (quoting *Gibson*, 290 F.3d at 1197)).

Nonetheless, whether claims of excessive force by
individuals in post-arraignment, pretrial custody should be
analyzed under the Fourth, Eighth, or Fourteenth Amendments
remains an open question in the Ninth Circuit.  The Court notes,
however, that a number of district courts within the Ninth
Circuit have held the Due Process Clause of the Fourteenth
Amendment protects post-arraignment, pretrial detainees from the
use of excessive force.  *See, e.g. Rosa v. San Bernardino Cnty.
Sheriffs*, No. EDCV 07-1574-DOC OP, 2010 WL 4180738, at *5 n.2
(C.D. Cal. Oct. 18, 2010)("The Due Process Clause of the
Fourteenth Amendment protects a post-arraignment pretrial
detainee from the use of excessive force that amounts to
punishment."); *Finch v. Alameda Cnty Sheriff's Dep't*, No. C
09-2627 CRB (PR), 2010 WL 335705, at *1 (N.D. Cal. Jan. 22, 2010
(same); *Low v. Stanton*, No. CIV S052211MCEDADP, 2009 WL 467584,
at *4 (E.D. Cal. Feb. 25, 2009)("Fourth Amendment standard
applies to claims based on excessive force during an arrest,
investigatory stop or other pre-arraignment seizure; Fourteenth
Amendment Due Process standard governs such claims against
post-arraignment detainees and Eighth Amendment protections apply
post conviction."); *Leialoha v. MacDonald*, No. CIV. 07-

00218ACKKSC, 2008 WL 2736020, at * (D. Haw. July 11, 2008)(same).

Even though Plaintiff was a pretrial, post-arraignment detainee and, therefore, the question whether the Court should analyze his claim under the Fourth, Eighth, or Fourteenth Amendments is unresolved in the Ninth Circuit, it is unnecessary for this Court to choose which of these standards ultimately applies to Plaintiff's claim.  As explained below, Plaintiff's proposed claim against Sergeant Scott fails even under the Fourth Amendment's least-burdensome standard that courts have applied to pretrial detainees' excessive-force claims.

        2.    **Fourth Amendment analysis**

Under *Graham* the pertinent question when assessing an excessive-force claim under the Fourth Amendment is whether the force used "was objectively reasonable 'in light of the facts and circumstances confronting [the officer], without regard to [his] underlying intent or motivation.'"  *Gregory v. County of Maui*, 523 F.3d 1103, 1106 (9th Cir. 2008)(quoting *Graham*, 490 U.S. at 397).  Determining the "reasonableness" of a particular action "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  *Id.* (internal quotation marks omitted).

To determine the reasonableness of the use of

16 - OPINION AND ORDER

force, the court first must evaluate "the type and amount of

force inflicted." *Miller v. Clark County*, 340 F.3d 959, 964 (9th

Cir. 2003)(citation omitted).

> Second, [the Court must] assess the importance of
> the government interests at stake by evaluating:
> (1) the severity of the crime at issue,
> (2) whether the suspect posed an immediate threat
> to the safety of the officers or others, and
> (3) whether the suspect was actively resisting
> arrest or attempting to evade arrest by flight.
> *See Graham*, 490 U.S. at 396 (internal quotations
> omitted).  Third, [the Court must] balance the
> gravity of the intrusion on the individual against
> the government's need for that intrusion to
> determine whether it was constitutionally
> reasonable.

*Id.* (citations omitted).  *See also* 490 U.S. at 396 (listing

factors).  The Ninth Circuit has also recognized

> not all of the *Graham* factors are relevant when
> the alleged excessive force occurs during an
> altercation with a pretrial detainee.  *See Gibson*,
> 290 F.3d at 1197 & n.21; *see also Lolli v. County
> of Orange*, 351 F.3d 410, 415-16 & n.4 (9th Cir.
> 2003).

*Cotton v. County of Santa Barbara*, No. 06-56079, 286 F. App'x

402, 406 (9th Cir. July 22, 2008).

In *Gibson* the Ninth Circuit noted "[i]n the

context of pretrial detention rather than arrest, it is clear

that all the factors mentioned in *Graham* - whether the suspect is

resisting arrest or attempting to flee, for example - will not

necessarily be relevant."  290 F.3d at 1197 n.21.  *See also*

*Lolli*, 351 F.3d at 415-16 (same).  In *Cotton* the Ninth Circuit

found

17 - OPINION AND ORDER

> [i]t is also clear that the *Graham* factors do not
> adequately take into consideration the govern-
> mental interests at stake when resistance occurs
> in a custodial setting.  The Supreme Court has
> recognized that "prison administrators are charged
> with the responsibility of ensuring the safety of
> the prison staff, administrative personnel, and
> visitors, as well as the 'obligation to take
> reasonable measures to guarantee the safety of the
> inmates themselves.'"  *Whitley v. Albers*, 475 U.S.
> 312, 320 (1986) (quoting *Hudson v. Palmer*, 468
> U.S. 517, 526-27 (1984)).

The ultimate question "in all cases is whether the
use of force was 'objectively reasonable in light of the facts
and circumstances confronting' the . . . officers." *Blankenhorn
v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007)(quoting
*Graham*, 490 U.S. at 397).

Here the record reflects Sergeant Scott believed
Plaintiff made multiple telephone calls to his wife in violation
of a restraining order and that he was likely to make more
telephone calls to her.  The record also reflects Plaintiff was
verbally combative and then became physically noncompliant with
Sergeant Scott's directions.  Finally, just before Sergeant Scott
took Plaintiff to the floor, Plaintiff attempted to kick Sergeant
Scott, and Sergeant Scott believed Plaintiff presented a threat
to him and to the safety and security of the facility.  Sergeant
Scott used the take-down to attempt to control Plaintiff and to
maintain Sergeant Scott's safety and the safety of the facility.

On this record, the Court concludes no reasonable
juror could find Sergeant Smith did not act in an objectively

18 - OPINION AND ORDER

reasonable manner.  The Court, therefore, concludes Plaintiff has
not established Sergeant Scott used excessive force against
Plaintiff during the September 5, 2007, incident even under the
Fourth Amendment's least-burdensome standard that courts have
applied to pretrial detainees' excessive-force claims.

     In summary, the Court denies Plaintiff's request to amend
his Complaint by substituting Sergeant Scott as defendant in
Plaintiff's excessive-force claim because Plaintiff has not
established that any reasonable juror could find Sergeant Scott
used excessive force against Plaintiff during the September 5,
2007, incident, and, therefore, Plaintiff's requested amendment
would be futile.  In addition, Plaintiff's request is not timely
nor brought properly.

     Because Plaintiff dismissed his claims against the named
Defendants in this matter and the Court denies Plaintiff's
request to amend his complaint by substituting Sergeant Scott,
the Court grants Defendants' Motion for Summary Judgment and
dismisses this matter with prejudice.


                            **CONCLUSION**

     For these reasons, the Court **GRANTS** Defendants' request to
strike Plaintiff's Declarations, **DENIES** Plaintiffs' request to
amend his Complaint, **GRANTS** Defendants' Motion (#14) for Summary


19 - OPINION AND ORDER

Judgment, and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 14th day of December, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District